ON PETITION FOR REHEARING
RAWLS, Judge.
Appellants by their attorney have filed a petition for rehearing in which they state inter alia:
“To enter a ‘PER CURIAM AFFIRMED’ opinion in this cause is to deprive these Appellants of their constitutional right to seek review in the Supreme Court of Florida as provided in Article V, Section 4, of the Constitution of the State of Florida * * *.
“Appellants are being denied their constitutional right to full review by this court’s refusing to issue a written opinion showing the factual situation involved * * *
“Appellants have presented to this court a valid, meritorious legal issue and are entitled to consideration of the merits in the form of a written opinion so full avail might be taken of the right to seek review by certiorari in the Supreme Court of Florida without the added difficulty of extracting portions of the record to support the jurisdictional prerequisite of conflict.
“ * * * It is to deny Appellants their constitutional right to review when this court refuses to write an opinion regardless of the end result reached.”
Irrespective of the foregoing allegations, appellants then negate the validity of their position by asserting that the conflict in end result is sufficient to warrant review by the Supreme Court, a Per Curiam Affirmance notwithstanding, under the authority of Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla.1965).
 Appellants’ learned counsel apparently is traveling upon a misconception as to the scope of appellate jurisprudence in this State. The respective District Courts of Appeal in the State of Florida are courts of final appellate jurisdiction except for a narrow classification of cases made reviewable by the Supreme Court. Article V, Section 5(3), Constitution of the State of Florida, F.S.A. These courts were not established by the people of Florida as intermediate appellate courts or “way stations” to the Supreme Court of Florida. Each of the some eight hundred cases reviewed by this Court in each calendar year does not require a full written opinion in the disposition of same. This Court and not the attorney for the losing party is charged with the responsibility of deciding which cases merit and warrant a full written opinion upon the basis of that opinion’s contribution to the jurisprudence of this State and those cases of great pubic interest. This Court is not now denying and has not denied appellants herein any constitutional right and has not overlooked or failed to consider the jurisprudence of this State in ruling upon the merits of the appeal. Appellants are not entitled as a matter of constitutional right to a written opinion from this Court in order that they might petition for writ of certiorari. Appellants’ advocate is entitled to his own views which he has fully' expressed on behalf of his clients through the record presented on this appeal, briefs and extensive oral argument. One party in a lawsuit must, as a general rule, be a losing party. We adhere to our per curiam affirmance of the trial court’s order directing a verdict and final judgment rendered thereon for appellee-defendant Knight.
The petition for rehearing is denied.
JOHNSON, C. J., and CARROLL, DONALD K,, J., concur.